UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| RODOLFO CANO, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL NO. 2:16cv401 |
|  | ) |  |
| OFFICER OLIVIA VASQUEZ, Individually, | ) |  |
| LAKE COUNTY SHERIFF'S DEPARTMENT, | ) |  |
| LAKE COUNTY SHERIFF JOHN | ) |  |
| BUNCICH, OFFICER JOHN DOE, | ) |  |
| Individually and LAKE COUNTY, INDIANA, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by Defendants Lake County Sheriff's Department and Lake County Sheriff John Buncich ("Sheriff Defendants") on November 15, 2016. The plaintiff, Rodolfo Cano, Jr. ("Cano"), filed his response on November 29, 2016, to which the Sheriff Defendants filed their reply on December 9, 2016.

Discussion

Cano filed his Amended Complaint on September 20, 2016 naming the Lake County Sheriff's Department and Lake County Sheriff John Buncich. [DE 4]. Cano sets forth one claim against the Sheriff Defendants, in Count III entitled "Lake County Sheriff's Department, Lake County, Indiana and Sheriff John Buncich". (Pl's Amended Compl., p. 9).

Cano's claims arise out of alleged conduct that occurred on or about March 12, 2016. (Pl's Amended Compl., p. 3). Cano was arrested by the New Chicago, Indiana police department pursuant to an arrest warrant. (Pl's Amended Compl., pp. 3 & 4). At the time Plaintiff was placed in the custody of the Lake County Jail, Cano allegedly advised Officer John Doe that he was not the person named in the arrest warrant. (Pl's Amended Compl., p. 4). Officer John Doe

allegedly advised that he had no choice to process Cano into jail due to policies, customs, and/or procedures of the Lake County Jail. (Pl's Amended Compl., p. 5). After approximately two days, Cano was released from the Lake County Jail. (Pl's Amended Compl., p. 5). Cano has brought claims pursuant to 42 U.S.C. §§ 1983 and 1988 alleging unreasonable seizure and false arrest in violation of his Constitutional rights. The Sheriff Defendants seek to have all claims against them dismissed for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must decide whether the complaint satisfies the "notice pleading" standard. *Indep. Trust Corp. v. Stewart Info. Serv's Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). In determining the sufficiency of a claim, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc*. 623 F.3d 1143, 1146 (7th Cir. 2010).

The Supreme Court has adopted a two prong approach when considering a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id.* This includes legal conclusions couched as factual allegations, as well as "threadbare recitals of elements of a cause of action, supported by mere conclusory statements." *Id*. at 678. Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The complaint must allege that the plaintiff has a right to relief by providing allegations that raise a right to relief

above the speculative level. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Factual allegations "that are merely consistent with a defendant's liability… stop short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 677-78.

In support of their motion to dismiss, the Sheriff Defendants first argue that Cano's claims against Sheriff Buncich should be construed as official capacity claims against the Lake County Sheriff's Department. In his response brief, Cano acknowledges that he has not made a claim against Sheriff John Buncich in his individual capacity (Pl's Resp., p. 4). Accordingly, the court will dismiss all claims against Defendant Sheriff Buncich in his individual capacity.

The Sheriff Defendants next argue that Defendant Sheriff Buncich is entitled to dismissal of all official capacity claims because a suit against Sheriff Buncich in his official capacity is construed as a suit against the Lake County Sheriff's Department. This argument is well-taken. It is clear that all claims against Sheriff Buncich in his official capacity fail because an official capacity claim is construed as a suit against the municipal entity. A suit against a public employee in his official capacity is equivalent to a suit against the government entity. *Kentucky v, Graham*, 473 U.S. 159, 165-66 (1985). The claims asserted against Sheriff Buncich in his official capacity are in fact claims against the Lake County Sheriff's Department. *See Estate of Szuflita v. City of South Bend, Ind.*, No. 3:10-CV-346, 2012 WL 1095377 at *3, citing *Yeksigian v. Nappi*, 900 F.2d 101, 103 (7th Cir. 1990)(the court granted summary judgment on official capacity claims, when entity was named in the same action). In the present case, Cano has failed to state in which capacity Sheriff Buncich is named and the Lake County Sheriff's Department is a named defendant as well. Therefore, a suit against Sheriff Buncich in his official capacity is construed as a suit against the municipality, is redundant and adds nothing to this cause of action.

The official capacity claims will be dismissed with prejudice. *Smith v. Sangamon County Sheriff*, 2008 WL 2277683 (C.D. Ill. 2008).

Next, the Sheriff Defendants argue that they are entitled to dismissal of all claims alleged in Count III because Count III fails to properly allege a § 1983 *Monell* claim against the municipal defendants. The Sheriff Defendants assert that Count III must be dismissed because Cano has merely made boilerplate allegations of municipal policy relating to a single incident, all of which does not rise to the level required to survive a Rule 12(b)(6) motion.

A plaintiff may establish the existence of official policy or custom by showing: (1) the existence of an expressed municipal policy that caused the alleged violation of his constitutional rights; (2) establishing that the person who committed the constitutional tort was an official with policy making authority; or (3) establishing the existence of pattern, practice, or custom so widespread or persistent that it rises to a level of a policy which can be fairly attributed to the municipality. *Baxter v. Vigo County School Corp*., 26 F.3d 728, 735 (7th Cir. 1994). Further a plaintiff must establish that the policy was a moving force behind the injuries alleged. *Board of Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 411 (1997).

Seventh Circuit precedent requires dismissal of claims based upon bare allegations of custom or policy under *Monell* where a plaintiff has alleged no facts to suggest that the inadequate policies of which he complains actually exist. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Pursuant to *Strauss*, the court will dismiss a complaint when it rests solely on conclusory allegations of a *de facto* municipal policy and fails to allege any well-pled facts of any occurrence or policy other than the single incident involving the plaintiff. *Id*. at 768. The *Strauss* court stated the plaintiff may not simply "track *Monell*'s requirement of official

4

policy" or "add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the claims made." *Id.*; *see also Rodgers v. Lincoln Towing Services, Inc.*, 596 F.Supp. 13, 20 (N.D. Ill. 1984) (claims "based on wholly conclusory allegations of a *de facto* municipal policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in section 1983 actions.").

In *Strauss*, the plaintiff attempted to establish the minimal facts required by producing statistical summaries from the Office of Professional Standards regarding complaints filed with the police department. *Strauss*, 760 F.2d at 768. The Court found that these statistics, without more, do not meet the pleading threshold and granted the defendant's motion to dismiss. *Id.* at 769. The Court stated that "[p]eople may file a complaint for many reasons or for no reason at all. That they filed complaints does not indicate that the policies that Strauss alleges exist do in fact exist and did contribute to his injury." *Id*. Similarly in *Nevinger v. Town of Goodland, Ind*. and directly on point to the instant case, plaintiff "tracked" the elements of a *Monell* claim in his complaint by stating that the facts that were alleged were "consistent with an institutionalized practice," and "despite knowledge of these institutionalized practices" the defendants failed to take action. *Nevinger v. Town of Goodland, Ind*., No.: 4:11-cv-25 (N.D. Ind. July 12, 2011), 2011 WL 2694662, at *4. The *Nevinger* complaint went on to make allegations of failure to train, failure to discipline, and failure to take adequate precautions in hiring. *Id.* The court held that the bare allegations failed to provide sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 5. Reasoning that plaintiff failed to allege a single fact outside the incident spurring the complaint to support any claim under *Monell* and

5

that the boilerplate allegations are unsupported by any facts other than the single incident, the court in *Nevinger* dismissed the complaint. *Id.*

In the present case, the Sheriff Defendants point out that Cano's claims in Count III rest solely on conclusory allegations of *de facto* municipal policy and fail to allege any well pled facts of any occurrence or policy other than the single incident involving Cano. Specifically, Count III of Cano's Amended Complaint states:

> 145. That at all relevant times, Defendant John Buncich set policies, customs, and procedures for both the Lake County Jail and the Lake County Sheriff's Department.
>
> 146. The policies, customs and/or procedures of the Lake County Sheriff's Department were in place allowed Officer John Doe to violate Plaintiff's constitutional rights and cause willful deprivation to the Plaintiff.
>
> 148. That upon placing Officer Doe on notice of the fact that Plaintiff was not Brijido Cano and had a valid Driver's License that proved Plaintiff was not Brijido, the policies, procedures, and/or customs resulted on Plaintiff still being placed in the Lake County Jail in violation of his constitutional rights. (Pl's. Amended Compl., p. 148).

The Sheriff Defendants first note that Cano has not provided facts outside the single incident alleged in his complaint. The use of this one incident of alleged unconstitutional conduct in an attempt to establish that the Lake County Sheriff's Department had an unconstitutional policy, practice, or custom is not enough to survive a Rule 12(b)(6) motion to dismiss. The Sheriff Defendants further note that Cano has attempted to assert a boilerplate *Monell* claim by tracking the elements of *Monell* without alleging any facts to suggest that the policies of which he complains actually exist. Cano simply tracks *Monell* elements, adds boiler plate allegations, and wishes to proceed to discovery in the hope of turning up some evidence to support the claims made. (Pl's Amended Compl., p. 5). Additionally, much like in *Nevinger*,

Cano has failed to allege a single fact outside the incident spurring the complaint to support any claim under *Monell* and Cano's boilerplate allegations are unsupported by any facts other than the single incident. Cano has stated legal conclusions couched as factual allegations and recited *Monell* elements supported by mere conclusory statements. Therefore, Cano is not entitled to an assumption of truth. *See Iqbal*, 556 U.S. at 678-79.

In his response, Cano contends that his allegations of *Monell* liability are sufficiently plead as to the Sheriff Defendants and relies heavily on *Murray v. City of Chicago*, 634 F. 2d 365 (7th Cir. 1980). *Murray* is distinguishable from the case at hand. In *Murray*, the appellant was arrested pursuant to an invalid warrant. *I*d. at 366. Appellant named the arresting agency, the City of Chicago, as a defendant and alleged a *Monell* claim against the city for the arrest of the appellant on an invalid arrest warrant. *Id.* at 366. The appellant also named the Superintendent of the Chicago Police Department, his successor in office, the arresting officers and the Clerk of the Circuit Court. *Id*. After discussion concerning affidavits submitted by the Clerk of the Circuit Court in support of its Motion for Summary Judgment, the court allowed discovery and stated "[s]omeone is surely at fault failing to establish or execute appropriate procedures for preventing such serious malfunctionings in the administration of justice." *Id*. at 366.2 Thus, the *Murray* court's discussion concerning "serious malfunctionings in the administration of justice" cited by Cano is not applicable to the Sheriff Defendants' Motion to Dismiss, because the court did not discuss it in the context of a Motion to Dismiss. As for the *Monell* claim, the *Murray* court stated "it is **possible** [emphasis added] that existence of a policy, custom, or practice might be established." This standard is not applicable to the case at hand because it discusses the pre-*Iqbal* possibility standard. Post-*Iqbal*, a complaint must contain sufficient material factual matter,

7

accepted as true, to state a claim to relief that is **plausible** on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 667078 (2009). Thus, *Murray* was not a decision regarding whether a plaintiff has pled sufficient facts to establish plausibility of success on his *Monell* claim. *Doffin v. Ballas*, No. 2:12-CV-411 JD-PRC, 2013 WL 37777231(N.D. July 18, 2013). Therefore, Cano's reliance on *Murray* is misplaced.

In support of the causation prong, Cano states "Many courts have held that a detainee has a substantive due process right to be released within a reasonable time after law enforcement officials have learned that he is innocent of charges on which he was being detained." (Pl's Resp., p. 10; citing *Pennington v. Hobson*, 719 F. Supp. 760, 779 (S.D. Ind. 1989)). The *Pennington* court made this holding while ruling on a Motion for Summary Judgment, not a Motion to Dismiss. Thus, *Pennington* is not applicable to the case at hand because it discusses the standard associated with a Motion for Summary Judgment, and not the *Iqbal* standard associated with a Motion to Dismiss in regards to *Monell*.

Furthermore, unlike in *Pennington*, Cano does not allege in his Amended Complaint that the Lake County Sheriff's Department did not release him within a reasonable time after law enforcement officials learned that he was innocent of charges. Cano's claim against the Sheriff Defendants is limited to an allegation a "failure to establish or execute appropriate procedures by the Lake County Sheriff's Department when processing a person into the Lake County Jail on a warrant." (Pl's Resp., 10). Cano supports his claim by stating conclusory allegations of *de facto* municipal policy and fails to allege any well-pled facts of an occurrence or policy other than the single incident involving Cano. Even if allowed to go to discovery, the claim will not succeed because as pled, Cano's constitutional rights were not violated. Cano asserts that he was housed

in the Lake County jail for "approximately two (2) days" due the mistaken identity. (Pl's Compl., p. 5). *See Rodriguez v. Newton County Sheriff's Department, et al*, 2016 WL 5724350 (Sept. 30 2106); citing *Baker v. McCollan*, 443 U.S. 137, 145 (1979) (a three-day period of detention in a case of mistaken identity did not give rise to a due process violation under the 14th Amendment). Courts in the Seventh Circuit use *Bake*r as a benchmark to determine the length of time after which a custodian is obligated to investigate claims of innocence based on mistaken identity. *See Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir. 1987) (detention of wrong individual for twenty-four hours did not amount to due process violation); *Panfil*, 45 Fed.Appx. at 534 (finding no due process violation where plaintiff was held in jail for three days); *Johnson v. City of Chicago*, 711 F.Supp 1465, 1470 (six days of mistaken incarceration was sufficient to state a claim); *Hernandez v. City of Chicago*, No. 99 C 6441, 2001 WL 128246, at *4 (N.D. Ill. Feb. 9, 2001) (15-day detention was sufficient to state a claim); *Griffin v. Sheahan*, No. 98 C 2398, 1999 WL 342400, at *7 (N.D. Ill. May 14, 1999), opinion clarified on denial of reconsideration, No. 98 C 2398, 1999 WL 417342 (N.D. Ill. June 16, 1999) (finding five days sufficient to state a claim). Therefore, Cano's reliance on *Pennington* is also misplaced.

Accordingly, as Cano has failed to properly allege a *Monell* claim against the Sheriff Defendants, these claims will be dismissed.

## Conclusion

On the basis of the foregoing, the Sheriff Defendants' Motion to Dismiss [DE 15] is hereby GRANTED.

Entered: December 29, 2016.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court